UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 07-9096 |
| | * | |
| MYRON W. SHEEN | * | SECTION "L"(1) |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion for Summary Judgment (Rec. Doc. 20). For the following reasons the motion is GRANTED.

**I.     BACKGROUND**

On November 21, 2007, Plaintiff, the United States of America, filed a complaint against Defendant, Myron Sheen, seeking to reduce to judgment Defendant's federal income tax liabilities from the periods 1992 to 1996 and 1998 to 2003. Defendant filed tax returns estimating that he owed $60,031 in 1992, $41,311 in 1993, $52,520 in 1994, $39,412 in 1995, $32,373 in 1996, $21,491 in 1998, $10,053 in 1999, $10,730 in 2000, $11,207 in 2001, $11,972 in 2002, and $11,764 in 2003. As those taxes went unpaid by Defendant, Plaintiff assessed taxes for all of the years in question, and estimated that as of June 1, 2009, Defendant owes $817,084.05 in taxes assessed, fees and penalties. Defendant filed for Chapter 7 bankruptcy on August 20, 1998, and received a discharge on December 15, 1998.

**II.     PRESENT MOTION**

On June 8, 2009, the Plaintiff, the United States of America, filed a Motion for Summary Judgment. (Rec. Doc. 20). Plaintiff seeks to reduce to judgment all federal income tax assessments, penalties, and interest, against Defendant, Myron Sheen, from 1992 to 1996 and

from 1998 until 2003. Plaintiff asserts that because all tax assessments were based on income tax returns filed by Defendant, there is no genuine issue of material fact, and that Plaintiff should be awarded judgment.

Defendant asserts that he is no longer liable for any tax liabilities from 1992 to 1996, as prescription had run at the time Plaintiff filed its claim. (Rec. Doc. 26). Plaintiff asserts that the assessments for that period were dated February 3, 1997, February 24, 1997, and July 14, 1997, and that Plaintiff's complaint filed on November 21, 2007 was not within 10 years of any of those assessments. Therefore, Defendant asserts, the prescriptive period had run and Plaintiff's claim was untimely on tax liabilities from 1992 to 1996. In his response memorandum Defendant did not oppose Plaintiff's claims regarding tax liabilities from 1998 to 2003.

Plaintiff replies that their claim filed November 21, 2007 was timely, as the period to collect Defendant's tax liabilities was extended by 117 days, plus six months, due to Defendant's bankruptcy proceeding. (Rec. Doc. 28). As Plaintiff's filing of its claim regarding tax debts from 1992 to 1996 was timely, and because Defendant did not oppose the claim regarding tax debts from 1998 to 2003, Plaintiff asserts that no genuine issue of material fact exists, and Plaintiff should be awarded judgment in this action.

Defendant filed a supplement to his opposition memorandum, in which he asserts that Plaintiff should be barred from raising the issue of the tolling of prescription, as Plaintiff had never raised the issue before. (Rec. Doc. 32) Defendant also asserts that the ten year period to collect taxes from the time of assessment did not toll during Defendant's bankruptcy proceeding, as Plaintiff had assessed taxes more than ninety days prior to Plaintiff's bankruptcy petition.

### III.   LAW & ANALYSIS

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

The United States has three years to assess unpaid taxes from the date taxes are filed. I.R.C. § 6501(a). Once assessment is made, the United States has 10 years to collect on an assessment. *Id*. § 6502(a). The time allotted to collect on a tax assessment is extended, however, when the taxpayer undergoes a bankruptcy proceeding, by the amount of time from the filing of bankruptcy until discharge, plus an additional six months. *Id*. § 6503(h).

The United States District Court for the Eastern District of Louisiana has previously recognized an extension to the prescriptive period due to a bankruptcy proceeding in a tax collection case. *See U. S. v. Nicholson*, No. 01-1214, 2002 WL 31780037, at *3 (E.D. La. Dec. 11, 2002). In *United States v. Nicholson*, the United States sought to have defendants' tax liabilities for the years 1986, 1987, 1993 and 1994 reduced to judgment. *Id*. at *1. The court rejected defendants' assertion that plaintiff's claim had prescribed, as the time for collection had

been extended due to a pending bankruptcy petition. *Id*. Because the United States had timely brought their claim, the court granted their motion for summary judgment, finding no genuine issues of material fact. *See Id*. at *3. Other courts have followed the same reasoning, and declined to rule that prescription had run, when the time for collection had been extended because of bankruptcy proceedings. *See U.S. v. Trupin*, 606 F. Supp. 2d 268, 270-71 (D. Conn. 2009); *see also Lester v. U.S.*, 312 F. App'x 55 (9th Cir. 2009).

In the instant case, Defendant filed for bankruptcy on August 20, 1998, and received a discharge on December 15, 1998.[1] The Internal Revenue Code provides for an extension of the time the United States has to collect unpaid taxes that is equal to the length of the bankruptcy proceeding, plus an additional six months. I.R.C. § 6503(h). In this case, prescription tolled and the earliest deadline was extended to November 29, 2007, while the Plaintiff filed the complaint on November 21, 2007, eight days prior.

Defendant's first argument, that Plaintiff should be barred from raising the issue of the tolling of prescription, as Plaintiff raised it for the first time in its reply memorandum, is unavailing. Defendant first asserted that prescription had run in his opposition memorandum. The issue of tolling of prescription could not have been raised before the running of prescription was raised, so Plaintiff asserted the issue at its first opportunity.

Secondly, Defendant raises the argument that prescription did not, in fact, toll because Plaintiff made assessment prior to the bankruptcy proceeding. Defendant quotes I.R.C. § 6503 to support the proposition that prescription tolls when "the Secretary is prohibited from

---

[1] In support of its contention that Defendant underwent bankruptcy proceedings, Plaintiff submits Certificates of Assessments and Payments attached to its Motion for Summary Judgment, see Exhibit A pages 1-2 (Rec. Doc. 20), and the docket for Defendant's bankruptcy proceeding, #98-14517, attached to its reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, see Rec. Doc. 31, pp. 5-32.

making the assessment or from collecting by levy or a proceeding in court . . . . and for 60 days thereafter." The Defendant asserts that because prescription tolls when "the Secretary is prohibited from making the assessment," prescription did not toll for the Defendant's bankruptcy proceeding, because assessment had already been made. Defendant misreads the Code article, because by focusing only on the first part of the quoted statement, Defendant disregards the rest of the statement after "or," that prescription tolls when the Secretary is prohibited from collection. Plaintiff had the authority to collect taxes from Defendant for ten years after assessment, and this period was interrupted, as Plaintiff is prohibited from collecting during a bankruptcy proceeding. 11 U.S.C. § 362(a)(6).

Defendant also cites Revenue Ruling 2003-80, asserting that because assessment was made more than ninety days before Plaintiff filed for bankruptcy, the proceeding had no impact on the prescriptive period for collection. Revenue Ruling 2003-80 states that, in situations where assessment is made ninety or more days before the bankruptcy petition,

> Since the 90-day period for filing a Tax Court petition expired before the filing of the bankruptcy petition, the Service may assess the deficiency at any time after the expiration of the 90-day period, including while the automatic stay is in effect. . . . The bankruptcy case has no effect on the running of the *period of limitations on assessment or on the suspension of the running of this period under section 6503(a)(1)*.

Rev. Rul. 03-80 (emphasis added). Again, Defendant misreads the language, and asserts that this applies to the tolling of the ten year prescriptive period for collection, when in fact, it applies only to the three year prescriptive period for assessment after taxes are filed. Plaintiff was prohibited from collecting taxes from the Defendant when he filed for bankruptcy, and this prohibition was not affected by Revenue Ruling 2003-80, which applies only to the three year prescriptive period to make assessment. Therefore, Defendant's bankruptcy proceeding

triggered the tolling of the ten year prescriptive period for collection, and Defendant's argument that prescription did not toll fails.

As Plaintiff clearly brought their action against Defendant before prescription, and because Defendant does not challenge Plaintiff's allegations on their merits, Plaintiff's Motion for Summary Judgment is granted, as no genuine issue of material fact remains in this case.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this <u>29th</u> day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE